# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

| | |
|---|---|
| LINDA J. HARPER-CASEY | PLAINTIFF(S) |
| V. | CIVIL ACTION NO. |
| TIWANA GURSIMRANJEET SINGH<br>AJIT TRANSPORT, INC.<br>AND JOHN DOES 1-10 | DEFENDANT(S) |

### 1ST AMENDED COMPLAINT
### (Jury Trial Requested)

COMES NOW, the Plaintiff, Linda J. Harper-Casey, by and through her Counsel Everett Pepper, of the law firm of Pepper & Odom, P.C. and files this Complaint against Defendants, Tiwana Gursimranjeet Singh, AJIT Transport, INC, and John Does 1-10, Pursuant to the M.R.C.P., for personal injuries caused by said Defendants, and in support thereto, who show the Honorable Court the following facts and matters, to wit:

### PARTIES

1. Plaintiff Harper-Casey (hereafter sometimes referred to as "Plaintiff Casey") is an adult resident citizen of Hinds County, in the State of Mississippi.

2. Defendant Gursimranjeet Singh (hereinafter sometimes referred to as "Defendant Singh", is an adult resident citizen of the Province Québec Canada, who's last know address is 2255 Rue Saint Mahieu Montreal, PQ H3H 2J7,, and may be served with process pursuant to M.R.C.P. Rule 4 wherever he/she may be found.



1

3. Defendant AJIT Transport, INC. (hereafter sometimes referred to as "Defendant AJIT Transport"), is a foreign company whose principal address is 2555 Dollard Av#114, LaSalle, Quebec, H8N 3A9 Canada, and may be served with process in this proceeding pursuant to M.R.C.P. Rule 4.

4. Defendant John Does 1-10 are fictitious Defendants, whose identity is currently unknow to Plaintiff Casey but may be liable jointly and severally for some or all of Plaintiff's damages. Defendants are being named pursuant to M.R.C.P. Rule 9(h), and their true identities will be supplemented when their true identities become known. Upon information and belief, these unknown defendants may be maintenance personnel, supervisors, dispatchers, contractors, or other employees or agents of Defendant AJIT Transport, INC., their parent company, or subsidiaries.

## VENUE AND JURISDICTION

5. This Honorable Court has jurisdiction over this matter pursuant to Mississippi Code (Amended) § 9-9-21 (1972 and Supp. 2001) and the amount in controversy exceeds minimum jurisdictional limits of this Honorable Court.

6. Venue is proper in the Court of Hinds County, Mississippi, pursuant to Mississippi Code (Amended) of 1972 § 11-11-3(1)(a)(i) as the County where the substantial event that caused the injury occurred or where the Defendant resides.

## FACTUAL ALLEGATIONS

7. On July 12, 2019, on are about 7:12 pm, Plaintiff Casey was traveling on I-55 in Hinds County, Mississippi.

8. On the same date and time, Defendant Singh was operating a 2018 Blue Volvo tractor trailer, whose vin number is unknown, owned by Defendant AJIT Transport, on I-55 in Hinds County, Mississippi.

9. Defendant Singh attempted to merge over into the lane occupied by Plaintiff Casey. Before Defendant Singh merged, he/she did not check his/her surroundings which caused him/her to collide with Plaintiff Casey's vehicle.

10. Plaintiff Casey incurred property damage, extensive bodily injury, as well as past, present, and future physical and mental pain and suffering as a result of the Defendants conduct.

## FIRST CAUSE OF ACTION: NEGLIGENCE

11. Plaintiff Casey adopts and re-alleges all allegations contained above as if fully set forth herein.

12. At all times herein mentioned, Plaintiff Casey was acting in a reasonable, prudent manner.

13. Defendants owned a duty to Plaintiff Casey to use due care to watch where he/she was driving, to maintain a proper lookout, to reduce speed to avoid a collision, to timely apply his brakes, to maintain a proper distance between

his/her vehicle and the other vehicles on the roads, streets, and boulevards, to drive at a reasonable and safe speed under the circumstances, to control his/her vehicle in order to avoid a collision, to yield to the right-of-way and oncoming traffic, and to obey all traffic devices.

14. Defendants negligently breached these duties by:

    a. failing to use due care in watching where he/she was driving;

    b. failing to maintain a proper lookout;

    c. failing to reduce speed to avoid a collision;

    d. failing to timely apply his/her brakes;

    e. failing to maintain a proper distance between his/her vehicle and other vehicles;

    f. failing to drive at a reasonable and safe speed under the circumstances;

    g. failing to maintain control of his/her vehicle in order to avoid a collision;

    h. failing to yield to the right-of-way and oncoming traffic; and,

    i. failing to obey all traffic devices.

15. As a direct and proximate result of the above-described combined and concurring negligence of Defendants, Plaintiff Casey have been caused to suffer physical bodily injuries, caused to undergo medical treatment for the injuries, and will be caused to go undergo further medical treatment in the future; caused to incur medical expenses for the treatment of the injuries and

will be caused to incur additional medical expenses in the future; and caused to suffer both physically and emotionally; these injuries will continue to negatively impact his/her health and affect the normal enjoyment of life which Plaintiff Casey would otherwise expect.

16. Each of the above negligent acts and/or omissions on the part of Defendants singularly and/or cumulatively, were a proximate cause of the collision which forms the basis of this Complaint and the resulting injuries to the Plaintiff Casey.

17. All the above damages were directly and proximately caused by the aforementioned negligence of the Defendants and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff Casey.

18. Plaintiff Casey did not have the opportunity to avoid this collision.

## SECOND CAUSE OF ACTION: WANTONNESS

19. Plaintiff Casey adopts and re-alleges all allegations contained above as if fully set forth herein.

20. At all times herein mentioned, Plaintiff Casey was acting in a reasonable, prudent manner.

21. Defendants owed a duty to Plaintiff Casey to use due care to watch where he/she was driving, to maintain a proper lookout, to reduce speed to avoid a

collision, to timely apply his brakes, to maintain a proper distance between his vehicle and the other vehicles on the roads, streets, and boulevards, to drive at a reasonable and safe speed under the circumstances, to control his/her vehicle in order to avoid a collision, to yield to the right-of-way and oncoming traffic, and to obey all traffic devices.

22. Defendants breached these duties willfully and wantonly, with a reckless disregard for the consequences of one's behavior by:

   a. by recklessly failing to use due care in watching where he/she was driving;

   b. by recklessly failing to maintain a proper lookout;

   c. by recklessly failing to reduce speed to avoid a collision;

   d. by recklessly failing to timely apply his/her brakes;

   e. by recklessly failing to maintain a proper distance between his/her vehicle and other vehicles;

   f. by recklessly failing to drive at a reasonable and safe speed under the circumstances;

   g. by recklessly failing to maintain control of his/her vehicle in order to avoid a collision;

   h. by recklessly failing to yield to the right-of-way and oncoming traffic; and,

6

      i. by recklessly failing to obey all traffic devices.

23. As a direct and proximate result of the above-described combined and concurring willful and wanton conduct of Defendants, Plaintiff Casey has been caused to suffered physical bodily injuries, caused to undergo medical treatment for the injuries, and will be caused to go undergo further medical treatment in the future; caused to incur medical expenses for the treatment of the injuries and will be caused to incur additional medical expenses in the future; and caused to suffer both physically and emotionally; these injuries will continue to negatively impact his/her health and affect the normal enjoyment of life which Plaintiff Casey would otherwise expect.

24. Each of the above willful and wanton acts and/or omissions on the part of Defendants singularly and/or cumulatively, were a proximate cause of the collision which forms the basis of this Complaint and the resulting injuries to the Plaintiff Casey.

25. All the above damages were directly and proximately caused by the aforementioned negligence of the Defendants and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff Casey.

26. Plaintiff Casey did not have the opportunity to avoid this collision.

27. Upon information and belief, the Defendants have a pattern and practice of

such failures warranting the imposition of punitive damages as a deterrent to future wrongful conduct.

## NEGLIGENCE JOHN DOES 1-10

28. Plaintiff Casey incorporates by reference the averments previously set forth above, as if fully set forth herein.

29. Defendant John Does 1-10 are entities, companies, or persons whose names and identities are unknown to the Plaintiff but who may have been working in conjunction or in a joint venture or as a partner with the Defendant and may be responsible for the injuries and damages caused to Plaintiff Casey.

30. Said Defendants may be liable to the Plaintiff Casey jointly or severally for her injuries and damages.

31. The Plaintiff Casey will amend the Complaint to add the true names of the parties should their true identities become known.

## VICARIOUS LIABILITY

32. Plaintiff Casey incorporates by reference the averments previously set forth above, as if fully set forth herein

33. Plaintiff Casey further alleges that at the time Defendant Singh negligently and/or wantonly caused the Plaintiff to suffer the aforesaid injuries and damages, Defendant Singh was acting within the scope and course of his/her

employment with Defendant AJIT Transport, and was therefore acting as an agent or employee for Defendant AJIT Transport.

34. As a direct and proximate result of the above-described combined and concurring negligent, willful, and wanton conduct of Defendants, Plaintiff Casey has been caused to suffer physical bodily injuries, caused to undergo medical treatment for the injuries, and will be caused to go undergo further medical treatment in the future; caused to incur medical expenses for the treatment of the injuries and will be caused to incur additional medical expenses in the future; and caused to suffer both physically and emotionally; these injuries will continue to negatively impact her health and affect the normal enjoyment of life which Plaintiff Casey would otherwise expect.

35. The herein alleged tort was committed by Defendant Singh while he/she was in the scope and course of his/her employment with Defendant AJIT Transport.

36. Defendant AJIT Transport is therefore vicariously liable for the conduct of Defendant Singh.

## NEGLIGENT ENTRUSTMENT

37. Plaintiff Casey incorporates by reference the averments previously set forth above, as if fully set forth herein.

38. Plaintiff Casey further alleges that Defendant AJIT Transport negligently and/or wantonly entrusted the operation of a vehicle to Defendant Singh with knowledge that Defendant Singh was unfit to operate a motor vehicle safely. Plaintiff Casey further alleges that as a proximate result of Defendant AJIT Transport's negligence and/or wantonness, Plaintiff Casey was caused to suffer the aforesaid injuries and damages.

## NEGLIGENT HIRING. SUPERVISION AND TRAINING

39. Plaintiff Casey incorporates by reference the averments previously set forth above, as if fully set forth herein.

40. Plaintiff Casey further alleges that the Defendant AJIT Transport, and stated fictitious Defendants negligently, wantonly and/or willfully failed to use due care and reasonable standards in hiring, training, retaining and/or supervising its employees, servants, agents and/or other persons or entities under the control of Defendants, specifically Defendant Singh; and that Defendants have a pattern and practice of such failures warranting the imposition of punitive damages as a deterrent to future wrongful conduct.

41. Plaintiff Casey further alleges that as a proximate result of Defendants' negligence and/or wantonness, Plaintiff Casey was caused to suffer the

aforesaid injuries and damages.

## DEMAND FOR DAMAGES

**WHEREFORE**, Plaintiff Casey seeks and demands judgment against the Defendants for compensatory damages, jointly and individually, to compensate her for the physical and mental injuries sustained, including compensation for past and future physical pain and anguish; past and future medical and related expenses; past and future loss of enjoyment of life; plus interest and costs and all other damages legally allowed against the Defendants.

**FURTHER**, Plaintiff Casey seeks an award of punitive damages from Defendants, jointly and individually, to deter the Defendants from engaging in further similar wanton conduct in the future. Plaintiff Casey accordingly seeks a judgment for costs, interest and any other relief, monetary or injunctive, to which the Plaintiff Casey may be entitled under the laws of the State.

RESPECTFULLY SUBMITTED, this the 23rd day of March 2022.

Plaintiff Harper-Casey

By: /s/ Everett Pepper, Esq.

Everett Pepper (MB# 103984)
**Pepper & Odom. P.C.**
420 Northpark Drive
Ridgeland, MS 39157
Telephone: 601-202-1111
Facsimile: 888-456-2160
Email: everett@pepperodom.com